```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```
_____

PENELOPE BERTOLOTTI,

        Plaintiff,        Civil No. 14-2315 (NLH/JS)

v.

AUTOZONE, INC. et al.,        **OPINION**

        Defendants.
_____

Drake P. Bearden, Jr., Esquire
Kevin M. Costello, Esquire
Costello & Mains
18000 Horizon Way
Suite 800
Mt. Laurel, New Jersey 08054

    *Attorneys for Plaintiff*

Matthew Adam Green, Esquire
Obermayer Rebmann Maxwell & Hippell, LLP
200 Lake Drive East
Suite 110
Cherry Hill, New Jersey 08002

    *Attorneys for Defendants*

**HILLMAN, District Judge**:

    Presently before the Court is a motion [Doc. No. 20] filed by Defendants AutoZoners, LLC[1] and Richard Thomson pursuant to Local Civil Rule 5.3 seeking an Order to Seal certain exhibits to Defendants' motion for summary judgment because they contain

---

[1] The complaint names AutoZone, Inc. as a defendant, but the Notice of Removal clarifies that the proper name of this defendant is AutoZoners, LLC.

1

the medical records of Plaintiff, Penelope Bertolotti. The Court has considered Defendants' submission and notes that Plaintiff does not oppose the motion. The Court has decided this matter pursuant to Fed. R. Civ. P. 78 and, for the reasons that follow, Defendants' motion to seal will be granted.

## I.   BACKGROUND

In this employment discrimination action, Plaintiff alleges that Defendants discriminated against her based on a disability, failed to engage in the interactive process, and retaliated against her for requesting an accommodation, all in violation of the New Jersey Law Against Discrimination. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Defendants have moved for summary judgment,[2] arguing that Plaintiff was never released by her doctor to return to work and was therefore unable to return. After granting Plaintiff twelve months of leave, Defendants terminated her employment pursuant to company policy. In support of the motion, Defendants submitted a number of Plaintiff's medical records, which were attached to deposition transcripts, and which Defendants contend contain Plaintiff's protected health information. Accordingly,

---

[2] The Court addresses the summary judgment motion by separate Opinion and Order, also entered on this date.

Defendants seek to have those exhibits that contain such information sealed.

## II.  STANDARD FOR SEALING UNDER L. CIV. R. 5.3(c)

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves.  The rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2).  The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law.  Id.

## III. DISCUSSION

The Court has reviewed the documents that are the subject of Defendants' motion to seal and concludes that sealing is warranted at this time.  As an initial matter, the Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1995).  In order to rebut the presumption of public

3

access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987)).

Here, Defendants seek to seal only a few exhibits submitted in support of their summary judgment motion.[3] These documents are medical records or contain information concerning Plaintiff's medical conditions. Many of the documents also contain Plaintiff's social security number.

The Court finds that the factors set forth in L. Civ. R. 5.3(c) warrant sealing of the exhibits enumerated in Defendants' motion. The documents to be sealed contain Plaintiff's private

---

[3] In particular, Defendants seek to seal the following exhibits to the Certification of Matthew A. Green, Esq.: Exhibits P7, P8, P11, P15 and P16 to the Deposition Transcript of Penelope Bertolotti, which are included in Exhibit 1 of the Green Certification; Exhibits M8, M10, and M15 to the Deposition Transcript of Jean Milton, which are included in Exhibit 4 of the Green Certification; and Exhibits RT-5, RT-7, RT-12, and RT-15 to the Deposition Transcript of Richard Thomson, which are included in Exhibit 5 of the Green Certification. Many of these exhibits are duplicative of each other. For instance, M15 is the same document as P16 and RT-12 and RT-15; P7 and RT-5 are the same document; and P8 and RT-7 are the same document.

4

health information, which is protected from disclosure under the Health Insurance Portability and Accountability Act ("HIPAA"). The Third Circuit has recognized the important privacy interest in one's medical records.  See Everett v. Nort, 547 F. App'x 117, 122 n.9 (3d Cir. 2013) (citing Doe v. Delie, 257 F.3d 309 (3d Cir. 2001)).  Furthermore, public disclosure of an individual's medical history and personal identifying numbers has been held to be a clearly defined and serious injury sufficient to support sealing of medical records.  Harris v. Nielsen, Civ. No. 09-2982, 2010 WL 2521434, at *4 (D.N.J. June 15, 2010).  Finally, less restrictive alternatives are not available as the documents cannot be redacted, and all other portions of the summary judgment motion will be publicly available.  In balancing the potential injury to Plaintiff if her medical information and social security number become publicly available versus the public interest in access to judicial proceedings, the Court finds good cause for granting Defendants' motion to seal.

**IV.  CONCLUSION**

For the reasons set forth above, the Court finds that sealing under Local Civil Rule 5.3(c) is appropriate with respect to the exhibits identified herein.

An Order consistent with this Opinion will be entered.


                                               s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.

Dated: September 22, 2015

At Camden, New Jersey